UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAIKEL HERRERA,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN, FCI-MENDOTA,<br><br>        Defendants. | Case No. 1:22-cv-01159-ADA-CDB  (HC)<br><br>ORDER TO SHOW CAUSE IN WRITING WHY THE PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST REMEDIES AND MOOTNESS<br><br><u>14-DAY DEADLINE</u> |

      Petitioner Maikel Herrera was a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed August 10, 2022.  (ECF No. 1).  According to the Petition, he is serving a 44-month sentence imposed by the District Court for the Southern District of Florida.  (*Id*.)  Petitioner seeks relief under the First Step Act of 2018 (18 U.S.C. § 3632) in the form of at least 12 months of earned time credits for which he claims entitlement.  (*Id*.)

      Respondent filed a Motion to Dismiss on January 11, 2023.  (ECF No. 12).  As of the date of this order, no opposition has been filed, and Petitioner's time to oppose has passed.

**<u>Background</u>**

      According to Petitioner, the facility at which he was confined when the Petition was filed (FCI Mendota) had been on "modified operations" (a form of lockdown) for over three months

leading-up to the filing of the Petition. (ECF No. 1 at 3). During modified operations, Petitioner requested multiple times but was unable to receive a visit from his "counselor." (*Id.*). Petitioner asserts because he was unable to see a counselor, he was unable to obtain a BP-8 administrative remedy form, which he claims is necessary to file a grievance at his prison. Accordingly, Petitioner maintains he "cannot submit a grievance."

The Court takes judicial notice that Petitioner was released from federal custody on February 17, 2023.[1]

**Legal Standard**

Prior to seeking relief by a petition for habeas corpus pursuant to § 2241, a petitioner must exhaust all available judicial and administrative remedies. *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Exhaustion is not a "jurisdictional prerequisite," but generally can only be waived if "pursuing those administrative remedies would be futile." (*Id.*)

The BOP has established an administrative remedy process permitting an inmate to seek review of an issue relating to "any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). The program requires that the inmate first attempt Informal Resolution (BP-8). The inmate may then present his request for Administrative Remedy to the Warden (BP-9). If dissatisfied with the Warden's response, the inmate may appeal the Warden's decision to the Regional Director (BP-10). If dissatisfied with that response, the inmate may, finally, appeal to the General Counsel in the Central Office of the BOP (BP-11). An inmate has not exhausted the Administrative Remedy process until he or she has filed his or her complaint at all three levels and has received a response from all three levels, not including the situation where a remedy is "rejected." (ECF No. 12-1, Liwag Decl, ¶ 50) (citing 28 C.F.R. § 542.10 *et seq.*).

**Discussion**

Although Petitioner asserts he has been unable to obtain a BP-8 administrative remedy form during the "lockdown" that preceded his filing of the Petition and, thus, cannot submit a grievance, he makes no showing that he attempted anything besides requesting to see a counselor

---

[1] *See* www.bop.gov/inmateloc/ (last visited Apr. 20, 2023). The Court may take judicial notice of information on official government websites. *McClure v. Ives*, 2010 WL 716193, * 3 (E.D. Cal. Feb. 26, 2010).

to get the form. Thus, for instance, Petitioner fails to demonstrate, for instance, that he requested a BP-8 form from any other facility staff member during the same time period (such as the staff member who received his Petition for mailing, or correctional officers Petitioner undoubtedly sees on a daily basis). At bottom, according to the undisputed facts, Petitioner has not exhausted his administrative remedies (*See* ECF No. 12-1, Liwag Decl., p. 2), and he has not satisfied that Court that he has taken sufficiently reasonable steps to obtain the necessary forms to pursue exhaustion of administrative remedies. However, given the passage of time between Petitioner's filing of the petition and Respondent's filing of the motion to dismiss, the Court shall afford Petitioner an opportunity to address in a filing with the Court what if any additional efforts he has made to pursue BOP's administrative remedy process.

The Court separately notes that, according to BOP's online inmate locator, Petitioner was released from federal custody on February 17, 2023 (*supra*). Given that Petitioner's projected release date was December 29, 2023 (*see* ECF No. 12-1, Liwag Decl., ¶ 4), the Court assesses it is reasonably possible that Petitioner, in fact, ultimately was able to pursue the administrative remedy process and receive a favorable outcome in obtaining the time credits he seeks through his Petition. In all events, his Petition quite possibly is rendered moot due to his release. *See, e.g., Sila v. Warden*, 2023 WL 2504476, *2 (C.D. Cal. Feb 13, 2023) ("Because Petitioner has now been released from BOP custody, the relief sought in the Petition is moot, and no further relief remains to be granted in this case. Indeed, even if Petitioner is currently on supervised release and seeks to apply First Step Act credits to reduce his term of supervised release, that relief is unavailable her); Carter v. Duncan, 2011 WL 2491429, *2, *4 n.3 (D. Ariz. Apr. 6, 2011) (same) (citing cases).

**Conclusion and Order**

For the forgoing reasons, IT IS HEREBY ORDERED that within 14 days of entry of this order, Petitioner shall show cause in writing why the Court should not dismiss his § 2241 Petition for failing to exhaust administrative remedies and/or for mootness due to his release from federal custody.

///

1  Failure to comply with this order will result in a recommendation that this action be
2 dismissed.
3 IT IS SO ORDERED.
4  Dated:   **April 20, 2023**                                    _____
5                                                                          UNITED STATES MAGISTRATE JUDGE