UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAIKEL HERRERA,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN, FCI-MENDOTA,<br><br>    Respondent. | Case No. 1:22-cv-01159-ADA-CDB  (HC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED AND DISMISSING § 2241 PETITION WITHOUT PREJUDICE**<br><br>(Docs. 1, 12)<br><br>**14-DAY DEADLINE** |

    Petitioner, a former federal prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition challenges the Federal Bureau of Prisons ("BOP")'s calculation of his earned time credits. (Doc. 1). Respondent filed a motion to dismiss on January 11, 2023. (Doc. 12). The motion seeks dismissal on two, independent grounds: (1) lack of standing and ripeness under Article III, U.S. Constitution, and (2) failure to exhaust administrative remedies. (*Id.* at 2-3).

    Petitioner failed to timely oppose or respond to Respondent's motion to dismiss. On April 21, 2023, the Court issued an Order to Show Cause ("OSC") requiring Petitioner to show cause in writing why the Court should not dismiss his petition for failing to exhaust administrative remedies and/or for mootness due to his release from federal custody. (Doc. 13).[1] Petitioner

---

[1] According to BOP's online inmate locator, Petitioner was released from federal custody on

1 failed to respond and the time to do so has passed.

2      On April 26, 2023, mail directed to Petitioner was returned as undeliverable. Pursuant to Local Rule 183(b), any party appearing pro se must file and serve a notice of change of address within 63 days of mail being returned. To date, more than 63 days have elapsed since mail was returned and Petitioner has not notified the Court of a change of address. For the forgoing reasons, Respondent's motion is deemed unopposed. *See* Local Rule 230(c).

**Legal Standard**

Prior to seeking relief by a petition for habeas corpus pursuant to § 2241, a petitioner must exhaust all available judicial and administrative remedies. *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Exhaustion is not a "jurisdictional prerequisite," but generally can only be waived if "pursuing those administrative remedies would be futile." (*Id.*)

The BOP has established an administrative remedy process permitting an inmate to seek review of an issue relating to "any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). The program requires that the inmate first attempt Informal Resolution (BP-8). The inmate may then present his request for Administrative Remedy to the Warden (BP-9). If dissatisfied with the Warden's response, the inmate may appeal the Warden's decision to the Regional Director (BP-10). If dissatisfied with that response, the inmate may, finally, appeal to the General Counsel in the Central Office of the BOP (BP-11). An inmate has not exhausted the Administrative Remedy process until he or she has filed his or her complaint at all three levels and has received a response from all three levels, not including the situation where a remedy is "rejected." (Doc. 12-1, Liwag Decl, ¶ 50) (citing 28 C.F.R. § 542.10 *et seq.*).

**Discussion**

Although Petitioner asserts he has been unable to obtain a BP-8 administrative remedy form during the "lockdown" that preceded his filing of the petition and, thus, cannot submit a grievance, he makes no showing that he attempted anything besides requesting to see a counselor to get the form. Thus, for instance, Petitioner fails to demonstrate that he requested a BP-8 form

---

February 17, 2023. The Court takes judicial notice of Petitioner's release status pursuant to Rule 201 of the Federal Rules of Evidence. *See* Federal Bureau of Prisons, Find an Inmate, https://bop.gov/inmateloc/ (search "Find by Name" for "Maikel Herrera").

2

from any other facility staff member during the same time period (such as the staff member who received his Petition for mailing, or correctional officers Petitioner undoubtedly sees on a daily basis). At bottom, according to the undisputed facts, Petitioner has not exhausted his administrative remedies (*See* Doc. 12-1, Liwag Decl., p. 2), and he has not satisfied that Court that he has taken sufficiently reasonable steps to obtain the necessary forms to pursue exhaustion of administrative remedies.

The Court separately notes that, according to BOP's online inmate locator, Petitioner was released from federal custody on February 17, 2023 (*supra*). Given that Petitioner's projected release date was December 29, 2023 (*see* ECF No. 12-1, Liwag Decl., ¶ 4), the Court assesses it is reasonably possible that Petitioner, in fact, ultimately was able to pursue the administrative remedy process and receive a favorable outcome in obtaining the time credits he seeks through his Petition. In all events, his Petition quite possibly is rendered moot due to his release. *See, e.g., Sila v. Warden*, 2023 WL 2504476, *2 (C.D. Cal. Feb 13, 2023) ("Because Petitioner has now been released from BOP custody, the relief sought in the Petition is moot, and no further relief remains to be granted in this case. Indeed, even if Petitioner is currently on supervised release and seeks to apply First Step Act credits to reduce his term of supervised release, that relief is unavailable here"); Carter v. Duncan, 2011 WL 2491429, *2, *4 n.3 (D. Ariz. Apr. 6, 2011) (same) (citing cases).

**Conclusion and Recommendations**

Petitioner's federal petition for writ of habeas corpus is deficient for advancing claims that are unexhausted. Accordingly, Respondent's motion to dismiss should be granted.

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (Doc. 12) be GRANTED; and
2. Petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED WITHOUT PREJUDICE for failure to show exhaustion of administrative remedies.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, Petitioner may file written objections

with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 30, 2023**

UNITED STATES MAGISTRATE JUDGE